**Sandy N. Webb, OSB #086527**
swebb@swebblaw.com
**Law Offices of Sandy N. Webb, PC**
0224 SW Hamilton St, Ste 301
Portland, OR 97239
Telephone: (503) 477-7731
Fax: (503) 477-7743

Attorney for Plaintiffs, Rafael Reynoso and Lisa Reynoso

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTINA ROCK | Case No. 3:14-cv-133 |
| Plaintiffs, | |
| v. | COMPLAINT |
| | Breach of Contract |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY | |
| Defendants | Amount in Controversy $75,451.00 |

Plaintiffs hereby files this Complaint:

## PARTIES

1.

Plaintiff, Ms. Christina Rock (herein "Plaintiff") is the owner of the property commonly known as 541 NE C Street., Willamina, Yamhill County, Oregon (herein "the Property"), under the rights given to her in a Memorandum of Contract recorded on April 23, 2010.

2.

Defendant, Fidelity National Title Insurance Company, Inc. (herein "Fidelity Insurance") is a title insurance company incorporated in and with corporate headquarters in California.

1- COMPLAINT

Plaintiffs purchased title insurance when they purchased the property through Fidelity Insurance, policy number C29-2096092.

## JURISDICTION AND VENUE

3.

The U.S. District Court has original jurisdiction by reason of diversity of citizenship of the parties, and the requisite amount in controversy pursuant to 28 U.S.C. 1332.

4.

Venue is proper in this judicial district pursuant to the provision of 28 U.S.C. 1391(a) because this is a civil action wherein jurisdiction is founded on diversity of citizenship and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## BACKGROUND FACTS

5.

On or about September 2, 2011, Ms. Rock was served with a foreclosure notice of sale by Wells Fargo Bank. See Exhibit A.

6.

Ms. Rock made claim for coverage to her title insurance company on September 19, 2011. See Exhibit B. The claim was denied.

7.

Ms. Rock filed a lawsuit in Yamhill County Circuit Court to attempt to protect her interest and is currently defending a foreclosure law suit filed by Wells Fargo without the assistance or coverage she is entitled to in her title insurance policy.

8.

On or about May 13, 2013, a foreclosure action based in part on a loan modification that was entered after her memorandum of contract was recorded with the county, was filed against her and her interest in the property. Exhibit C.

9.

Ms. Rock has suffered the following damages she could not recover for in her underlying lawsuits: (1) attorney's fees of $36,000 and fees/expenses of $2,400 in the state court matter, (2) the attorney's fees of $30,000 and fees/expenses of $531 in the foreclosure matter (which

2- COMPLAINT

continues to accrue as this is an active matter), and (3) $6,500 for the lost investment in improvements and upkeep a landlord would have provided and not Ms. Rock if she knew about the Loan Modification or the failure of the seller to pay the bank and the escrow documents that allowed the money to go to the sellers and not the sellers mortgage.

### Count I (Breach of Contract)

10.

Paragraphs 1 through 8 are incorporated by reference as if set forth in full herein.

11.

Plaintiff purchased the attached Policy which covered a defect in title caused by "failure of any person or Entity to have authorized a transfer or conveyance" or "a document affecting Title not properly created, executed, witnessed, …..". The Exclusions in Schedule B does not include the Loan Modification which increased the amount due that was entered between the Sellers and their mortgage company six months after the wrap-mortgage was insured/closed. See Exhibit C.

15.

Ms. Rock filed a timely claim for coverage under the Policy and was wrongfully denied coverage. The coverage should have paid for her legal representation in the matters needed to protect her interest in the Property and her losses.

16.

Although the title insurance sought to exempt the coverage from the Trust Deed recorded as 200509929 from Washington Mutual to Leonard Collins and Marsha Collins, it in no way excluded the Loan Modification that increased the amount due or the foreclosure that we initiated by the lender when she was the priority lienholder.

17.

While the Deed of Trust was exempted form coverage, what it does not exempt is failure to get authorization for the transfer and the Deed of Trust 200509929 did allow for the assignment of the DOT to Ms. Rock as long as the lender gives prior written consent (per section 18 of the Note), the foreclosure action by a junior lienholder, and/or the loan modification that increased the amount due. Attached Exhibit C.

//
//

3- COMPLAINT

18.

Ms. Rock had the right to rely on the escrow agents getting the prior approval and the title insurance company providing coverage for that error since it denied her title to the property, the new loan modification that was taken and should have been recorded before any foreclosure and the foreclosure action that was taken without her permission as a priority lien holder.

WHEREFORE, Plaintiff demands judgment against Defendant Fidelity National Title Insurance Company, Inc. in the amount of Seventy Five Thousand Four Hundred Fifty One ($75,451.00), plus attorney interest and costs for the pursuit of this matter.

Dated this 27th day of January, 2014

        __/s/ Sandy N Webb_____

Sandy N Webb, OSB No 086527
*Law Offices of Sandy N. Webb, PC*
0224 sw Hamilton St, Ste 301
Portland OR 972329
503-477-7731; fax 503-477-7743
swebb@swebblaw.com

4- COMPLAINT